UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:      10-3287** |
| **TAMARA'S GROUP, LLC** | **SECTION: "I" (4)** |

## ORDER

On June 15, 2011, the Plaintiff, Ryan Robinson, filed a **Motion to Compel Complete Discovery Responses from Defendant Tamara's Group, LLC (R. Doc. 20)** which seeks an Order compelling the Defendant, Tamara's Group, LLC, to respond complete responses to his Interrogatories.  The motion further seeks sanctions, in the form of attorney's fees, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

According to the Scheduling Order, the deadline for discovery was May 27, 2011.  (R. Doc. 7, p. 2.)  The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon motion filed in compliance with the Plan and Local Rules and upon showing of good cause."  (R. Doc. 21, p. 3.)  The trial is set to commence on August 15, 2011.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent.  Fed. R. Civ. Pro. 16(b)(4).  In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."  *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-

1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Court notes that the instant motion was not filed until June 15, 2011, nineteen (19) days after the discovery deadline. However, under the terms of the Scheduling Order, the deadline in which to *complete* discovery was June 15, 2011. Therefore, the motion was untimely filed. Further, the Plaintiff did not timely apply for an extension of the discovery deadline as required by the Scheduling Order nor did the Plaintiff make any arguments under the Rule 16(b) good cause standard.

Accordingly,

**IT IS ORDERED** that Ryan Robinson's **Motion to Compel Complete Discovery Responses From Defendant Tamara's Group, LLC (R. Doc. 20)** is hereby **DENIED.**

New Orleans, Louisiana, this 1st day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**